759 So.2d 442 (2000)
Dexter SWANAGAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00395-COA.
Court of Appeals of Mississippi.
February 8, 2000.
*444 Marie Wilson, Greenville, Attorney for Appellant.
Office of the Attorney General by John R. Henry, Attorney for Appellee.
BEFORE McMILLIN, C.J., IRVING, AND THOMAS, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Dexter Swanagan has appealed his conviction of burglary of a dwelling in a joint trial in which an alleged accomplice, Eddie Lee Stewart, was also convicted. In this appeal, Swanagan raises six issues that he contends warrant reversal of his conviction. He claims (a) that the trial court erred in denying his request for severance and separate trial, (b) that the trial court erred by refusing to grant a continuance to allow him to produce favorable witnesses, (c) that the evidence of his guilt was insufficient, as a matter of law, to sustain his conviction, (d) alternatively, that his conviction was against the weight of the evidence, entitling him to a new trial, (e) that the indictment charging him with burglary was fatally defective because he was charged under the wrong statute, and (f) that the cumulative effect of these errors was to deny him a fundamentally fair trial. We conclude that these errors have no merit and affirm Swanagan's conviction.

I.

Facts
¶ 2. Steve Rogers of the city of Leland in Washington County was away from home when he heard word of suspicious activities in his neighborhood. He returned home to investigate and discovered a vehicle backed into his driveway and three strangers standing in his neighbor's yard with various items in their hands. Additional items of household goods were scattered about on the ground. Upon seeing Rogers arrive, these individuals dropped the items they were carrying and fled. Rogers summoned law enforcement officials. He also armed himself and pursued the fleeing individuals, apprehending one, who was later identified as Swanagan's co-defendant, Eddie Lee Stewart.
¶ 3. Investigating officers subsequently found Swanagan, clothed only in boots and shorts, hiding in a swampy area nearby. Swanagan, after being apprehended, led officers to items of discarded clothing. Rogers identified Swanagan as one of the remaining two individuals he had seen flee. The third individual was never identified and Rogers admitted that he would, in all *445 likelihood, be unable to identify the third person if given the opportunity.
¶ 4. Rogers's neighbor, Fred Taylor, returned home and identified the goods found on his lawn as belonging to him and as having been inside his home when he left earlier in the morning. Officers observed evidence of forced entry on a door and a window and the inside of the home showed some signs of having been ransacked.
¶ 5. On this evidence, Stewart and Swanagan were indicted for burglary of a dwelling and convicted by a jury in a joint trial. Swanagan has appealed his conviction.

II.

The First Issue: Denial of Severance
¶ 6. Swanagan originally sought to be tried separately from Stewart on the grounds that (a) Stewart had given a post-arrest statement that implicated Swanagan in the burglary which would be inadmissible against Swanagan in a separate trial, and (b) that Stewart was indicted as a habitual offender, so that knowledge of Stewart's prior felony convictions would unfairly prejudice Swanagan in the eyes of the jury. In response, the State represented to the trial court that it did not intend to introduce Stewart's statement at trial and pointed out that the jury would not be informed of Stewart's prior convictions since the State did not intend to use them for impeachment. Thus, they would be the subject of formal inquiry only at the sentencing phase after conviction. The trial court thereupon denied Swanagan's severance motion.
¶ 7. On appeal, Swanagan persists in the notion that his defense was antagonistic to that advanced by Stewart to the extent that fundamental fairness required him to be tried separately. He bases this argument on the proposition that he was merely accompanying Stewart on the day in question because he needed a ride to visit a relative, so that his conviction was based solely on guilt by his association with Stewart.
¶ 8. The decision of whether to grant a severance is one vested in the sound discretion of the trial court. Stevens v. State, 717 So.2d 311 (¶ 5) (Miss. 1998). Factors that should be considered in ruling on such a request include (a) whether one defendant's exculpatory evidence tends to inculpate the defendant seeking a severance, and (b) whether the balance of the evidence points primarily to the guilt of a defendant other than the one seeking a severance, thereby raising the possibility of the latter's conviction based on damaging evidence that does not directly implicate him in the crime. Id. From the presence of one or both of these factors, the defendant must convince the trial court that he will be unduly prejudiced in his ability to receive a fair trial. Id.
¶ 9. In the case now before us, Stewart presented no evidence in his own defense and did not seek, through cross-examination of the State's witnesses, to exculpate himself by casting blame for the crime on Swanagan. The evidence of these two defendants' activities, offered primarily through the testimony of Rogers, pointed essentially equally to their criminal culpability, the only distinction being that Stewart was apprehended sooner after discovery of the crime than was Swanagan. All evidence presented at trial would have been admissible at a separate trial involving only Swanagan, and he was equally as free to present his innocent-bystander defense at this trial as he would have been had he been tried separately. He has failed, therefore, to demonstrate any particular prejudice that accrued to him by virtue of being tried jointly with Stewart.
¶ 10. The trial court properly acted within its discretion in denying Swanagan's severance motion.

III.

The Second Issue: Failure to Grant a Continuance
¶ 11. On the morning of trial, Swanagan sought to obtain a continuance to *446 permit him time to obtain witnesses that he claimed would confirm that he fled the scene of the crime, not in an effort to avoid punishment for his criminal activity, but out of fear of Rogers, who brandished a pistol and shouted racial slurs at him. Swanagan also claimed to have witnesses to verify the innocent explanation of his presence in Stewart's company on the morning of the crime, i.e., that he was riding with Stewart to visit a relative.
¶ 12. Upon further inquiry as to these witnesses, Swanagan confirmed that none of them were eyewitnesses to the events at Rogers's house, but would be verifying things they had heard about how Rogers had behaved. Swanagan offered no explanation as to why he had not earlier sought to employ the subpoena power of the trial court to obtain the presence of these witnesses.
¶ 13. Section 99-15-29 of the Mississippi Code provides the proper procedure for obtaining a continuance due to an absent witness. The statute requires the trial court, in ruling on a continuance request, to consider the "materiality" of the facts the defendant intended to prove by the absent witness. Miss.Code Ann. § 99-15-29 (Rev.1994). The section also requires an affidavit that the defendant "has used due diligence to procure the absent ... witness, ... stating in what such diligence consists...." Id.
¶ 14. Even assuming the trial court, in the interest of justice, could waive the requirement of a formal affidavit in exigent circumstances, it would yet be incumbent upon the moving defendant to demonstrate on the record in some manner his entitlement to a continuance under the statute. In this case, the materiality of Swanagan's unavailable proof is, at best, marginal. It seems substantially likely that most, if not all, of it would prove to be inadmissible hearsay. Also, Swanagan failed to demonstrate the necessary, but ineffectual, pre-motion diligence to obtain the attendance of these witnesses that is a condition to his entitlement to such relief.
¶ 15. The trial court acted well within its discretion in denying Swanagan's last minute continuance request.

IV.

The Third Issue: The Sufficiency of the Evidence
¶ 16. Swanagan's argument on this point consists entirely of an attack on the credibility of Steve Rogers's identification of him as one of the men at the crime scene. This attack is based on Rogers's admission that he would very likely be unable to identify the third member of the group, who absconded and had never been apprehended. Matters concerning the credibility of witnesses are the province of the jury. Mamon v. State, 724 So.2d 878 (¶ 12) (Miss.1998). Rogers testified that he was able to identify Swanagan based upon a number of distinguishing characteristics, including his skin coloration, hair style, and mode of dress. The fact that Rogers freely admitted that he would not be able to make a similar identification of the third defendant, even were a suspect apprehended and brought before him, does not impeach his testimony identifying Swanagan to such a degree as to render it inherently improbable or unworthy of belief. There was no counterbalancing evidence contradicting Rogers's eyewitness identification of Swanagan. The jury, by returning a verdict of guilty, indicated that it found Rogers's testimony to be credible. We would be substituting our own view of Rogers's credibility were we to conclude his testimony to be unreliable, and that is not within the scope of authority of an appellate court. Id.

V.

The Fourth Issue: The Weight of the Evidence
¶ 17. Swanagan's argument, in fact, consisted of a combined attack on both the sufficiency and the weight of the evidence of his guilt. These are, of course, separate *447 issues since, if the State's evidence is insufficient as a matter of law, the defendant may not be retried under double jeopardy considerations, May v. State, 460 So.2d 778, 781 (Miss.1984); whereas, if the verdict is against the weight of the evidence, the defendant may be subjected to another trial, Fleming v. State, 732 So.2d 172 (¶ 37) (Miss.1999). Having resolved the sufficiency question in Part IV, we now turn to the question of whether the verdict was against the weight of the evidence.
¶ 18. A new trial should be ordered in those instances where the trial court, viewing all the evidence in the light most favorable to upholding the verdict, is convinced that the verdict is so contrary to the weight of the credible evidence that to permit the verdict to stand would work a manifest injustice. Gibson v. State, 731 So.2d 1087 (¶ 11) (Miss.1998). The trial court, having heard the evidence and observed the witnesses first hand, is vested with substantial discretion in making that determination. Id. If the trial court denies a new trial motion, an appellate court may disturb that ruling only if it is satisfied that the trial court has abused that discretion. Id.
¶ 19. In this case, there was a significant amount of credible evidence presented implicating Swanagan in the burglary. He offered no evidence in his defense that tended to weigh against his guilt, nor was any such affirmative evidence developed by cross-examination of the State's witnesses. The trial court did not abuse its discretion in denying Swanagan's new trial motion.

VI.

The Fifth Issue: A Defective Indictment
¶ 20. Swanagan, in a patently frivolous argument, urges that he should have been indicted under Section 97-17-19 of the Mississippi Code, which carried a lesser maximum penalty than Section 97-17-23, the section under which he was indicted. Section 97-17-19 was repealed by act of the Mississippi Legislature effective April 11, 1996. That section, along with several other provisions relating to burglary that depended for their application on whether the dwelling was occupied, whether the crime was committed at night, or whether the defendant was armed when the break-in occurred, were replaced by an amended Section 97-17-23, which defined one form of burglary, not dependent upon any such previously-relevant considerations.
¶ 21. The crime of which Swanagan stands convicted occurred on June 30, 1997, over one year after Section 97-17-19 ceased to define criminal behavior in this state. To have indicted him under that section would have been a nullity. Beatty v. State, 627 So.2d 355, 357 (Miss.1993). Swanagan was properly indicted for burglary as defined in Section 97-17-23 and was properly sentenced under that section after being convicted by the jury.

VII.

The Sixth Issue: Cumulative Error
¶ 22. Swanagan urges that the cumulative effect of the various errors previously discussed, even though any one of them might be insufficient in its own right to warrant reversal, when considered together so undermined the integrity of the trial as to require reversal of his conviction. For reasons we have already observed, these claims of error, viewed individually, were each found to be without merit and therefore, they cannot accumulate to undermine the fairness of the judicial proceeding by which Swanagan was convicted.
¶ 23. Additionally, Swanagan for the first time in this assignment of error, seeks to raise the issue that he was entitled to a lesser-included-offense instruction of trespass. Trespass is, in fact, a lesser included offense to burglary. Harper v. State, 478 So.2d 1017, 1021 (Miss.1985). However, Swanagan did not formally or informally request such an instruction *448 at trial. It is not normally the trial court's mere failure to instruct on a lesser-included-offense that creates reversible error on appeal, rather it is the trial court's refusal to give such an instruction when warranted by the proof after being properly requested to do so by the defendant that gives rise to relief on appeal. Id. Swanagan cites us to no authority for the proposition that a trial court has a duty to sua sponte instruct on trespass in every burglary prosecution, and we decline to adopt such a rule. Any claim of error based on an improperly instructed jury is procedurally barred. Williams v. State, 566 So.2d 469, 472 (Miss.1990); Peterson v. State, 740 So.2d 940 (¶ 35) (Miss.Ct.App. 1999).
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.