KING, P.J.,
for the Court:
¶ 1. Charles Eric Brown was tried and convicted in the Circuit Court of Harrison County on a two-count indictment for burglary and aggravated assault. He was sentenced, as an habitual offender, to serve a term of twenty-five years on the burglary charge and twenty years on the assault charge. Being aggrieved by the denial of his requests for a directed verdict, peremptory instructions, judgment notwithstanding the verdict and for a new trial, Brown filed this appeal and assigned the denial of these requests as error. Finding no reversible error, we affirm.
FACTS
¶ 2. On March 11,1999, at approximately 11:00 p.m., Bonnie Diamond, a seventy-seven year old female, answered the door at the home of her ninety-eight year old aunt with whom she was residing and acting as caregiver. A man identifying himself as Eric Brown was at the door asking to be allowed to use the bathroom. Before Diamond could refuse the man’s request he forced the door open and entered the home. In the process of forcing his way in the man shoved Diamond against the wall and onto the floor. Diamond could only watch as the man went into the kitchen and began opening and rummaging through cabinet drawers. Diamond reached for the phone to summon assistance; however, the intruder disabled the phone before she could finish dialing the number. The intruder then beat Diamond about her body with his fists and eventually produced a knife with which he cut and stabbed Diamond numerous times. The man went into a bedroom and removed money from a box on the dresser, and left the house through the front door.
¶ 8. Brown was arrested six days later after arranging to turn himself in to the local police department. Diamond was unable to identify Brown in a photographic lineup a few days following his arrest; however, she did identify Brown as her assailant at his preliminary hearing and at trial.
¶ 4. At trial Brown offered no alibi testimony nor any other evidence which tended to prove his innocence. Instead, he called witnesses for the sole purpose of casting doubt on Diamond’s identification of him as the perpetrator by showing discrepancies between her initial description of the perpetrator and Brown.
ANALYSIS OF ISSUES
1. Did the trial court err in denying Brown’s motion for directed verdict, peremptory instructions and JNOV motion?
¶ 5. In Brown’s appeal brief, the issues of the denial of his motion for directed verdict, peremptory instructions and motion for judgment notwithstanding the verdict are all lumped together under the umbrella of an insufficiency of evidence argument; therefore, they have been combined for purposes of this analysis.
¶ 6. The basis for Brown’s argument is threefold and challenges the credibility of Diamond’s identification of him as the intruder. First, he argues that he was only arrested because Diamond identified her attacker by the name of Eric Brown which was the name given to her by the attacker. Secondly, Brown argues that Diamond’s inability to pick him out of the photographic lineup is evidence that she was uncertain of the identify of her attacker. Lastly, *631 Brown argues that since Diamond initially described her attacker to the police as clean-shaven with a neat haircut and brown eyes, while Brown had a mustache, shaggy hair and green eyes, these discrepancies constitute further evidence of the uncertainty of Diamond’s identification of him as the attacker. Brown concludes that since Diamond’s identification of him is the only reason he was ever charged with the offenses and is the only evidence that links him to the crime, there was insufficient evidence upon which to base a guilty verdict.
¶7. In challenges to the sufficiency of the evidence, the standard of review requires consideration of all evidence in a light most favorable to the verdict. Collier v. State, 711 So.2d 458, 461 (¶ 11) (Miss.1998). Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. This Court may reverse only where, with respect to one or more of the elements of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. Id.
¶ 8. At trial, there was no evidence which contradicted Diamond’s identification of Brown as her assailant. This un-contradicted testimony represented substantial and credible evidence upon which the jury could base its verdict. By returning a verdict of guilty, the jury indicated that it found Diamond’s testimony to be credible. Matters of credibility are the province of the jury, and it is not appropriate for this Court to usurp that authority. Swanagan v. State, 759 So.2d 442, 446 (¶ 16) (Miss.Ct.App.2000).
¶ 9. We do not find that the evidence is such that reasonable and fair-minded jurors could only find .the accused not guilty. This issue is without merit.
2. Did the trial court err in denying Brown’s motion for new trial?
¶ 10. A motion for new trial tests the weight rather than the sufficiency of the evidence. The trial judge should set aside a jury verdict and order a new trial only when “the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice.” Groseclose v. State, 440 So.2d 297, 300 (Miss.1983).
¶ 11. In claiming that the verdict is against the weight of the evidence, Brown is once again challenging the reliability of Diamond’s identification of him as the perpetrator. He claims to be entitled to a new trial because the evidence at his trial as to who committed this crime is so suspect, so uncertain and so unreasonable that to allow the verdict to stand would be to sanction an unconscionable injustice.
¶ 12. The State counters that a trial court cannot grant a new trial, even in the exercise of discretion, unless there is overwhelming evidence to contradict the jury’s verdict, and that, since there was no evidence contradicting the evidence of guilt at the trial of this matter, this verdict is not against the overwhelming weight of the evidence. The State is correct.
¶ 13. When an appellate court analyzes a jury’s verdict to determine whether it goes against the overwhelming weight of the evidence, it must keep in mind that the jury is the ultimate finder of fact. Appellate courts do not have the task of reweighing the facts in each case and going behind the verdict of the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible. Conley v. State, 790 So.2d 773 (¶ 138) (Miss.2001).
¶ 14. The only question for the jury to resolve at the conclusion of Brown’s trial *632 was whether or not the testimony of the victim, Bonnie Diamond, was credible as to her identification of Brown as the person that forced his way into her home and stabbed her. The jury resolved that issue in favor of the State and we will not go behind that verdict to re-weigh the evidence. We find that the verdict is not so contrary to the overwhelming weight of the evidence as to constitute an unconscionable injustice.
¶ 15. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT ONE BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS; COUNT TWO AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS, TO RUN CONCURRENTLY TO THE SENTENCE IN COUNT ONE, ALL TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT HOPE OF PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.